**UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK**

_____

**Colleen McNamee on behalf of herself
and all others similarly situated,**

|                                    |                                    |
|------------------------------------|------------------------------------|
| **Plaintiff,**                     | **Case No. 18 cv 2251**            |
| **v.**                             |                                    |
| **Sunrise Credit Services, Inc**   | **CLASS ACTION**                   |
|                                    | **Jury Demanded**                  |
| **Defendant.**                     |                                    |

_____

**Class Action Complaint for
Violations of the Fair Debt Collection Practices Act**

1.  Plaintiff Colleen McNamee ("Plaintiff" or "McNamee") files this Complaint seeking redress for the illegal practices of Defendant in connection with the collection of an alleged debt allegedly owed by Plaintiff in violation of the Fair Debt Collection Practices Act, ("FDCPA"), 15 U.S.C. § 1692, *et seq*.

**Parties**

2.  Plaintiff is a citizen of New York State who resides within this District.

3.   Plaintiff is a "consumer" as that term is defined by FDCPA § 1692a(3).

4.  The alleged debt of Plaintiff is a "debt" as defined by 15 U.S.C. § 1692a in that it is a personal loan or extension of credit alleged to be owed for personal, family, or household services.

5.  The alleged debt was for the purchase of household and personal products and no part of the alleged debt was incurred for business related items or services.   The alleged debt was allegedly incurred for a personal loan or extension of credit.

1

6.   At all times relevant to this Complaint, Defendant Sunrise Credit Services, Inc. (Sunrise) was a debt collector regularly engaged in the collection of debts allegedly due to others, as defined by the FDCPA § 1692a(6), in that they  directly or indirectly collected debts.

7.   At all times relevant to this Complaint Defendant was regularly engaged in the collection of debts allegedly due to others.

8.   At all times relevant to this Complaint, the principal purpose of the Defendant was the collection of debts.

### Jurisdiction and Venue

9.   This Court has federal question jurisdiction pursuant to the Fair Debt Collection Practices Act, 15 U.S.C. § 1692k(d).

10. Declaratory relief is available under 28 U.S.C. §§ 2201 and 2202.

11. Venue is proper in this district under 28 U.S.C. § 1391(b), as the acts and transactions that give rise to this action occurred, in substantial part, in this district.

### Factual Allegations

12.   In an attempt to collect this alleged debt, Defendant sent Plaintiff the debt collection letter attached as Exhibit A hereto. The letter was sent on the letterhead of Defendant

13.   Plaintiff received Exhibit A.

2

*Illegal Fee*

14. Exhibit A includes the following passage:

Account Balance: $508.01
Other Charges: $152.40
Balance Due: $660.41

15.  Exhibit A falsely, deceptively, and unfairly indicates that the Defendant is entitled to add $152.40 to the alleged debt. The Defendant does not provide any explanation for what the "other charge" is for.

16.  By imposing an additional charge of 30%, the Defendant charged an unconscionable and unfair fee that bore no relationship to any work done by the Defendant. This violates the FDCPA, 15 USC 1692f and 15 USC 1692f(1).

17.  Defendant also violated 15 USC 1692e, 15 USC 1692 e(2), 15 USC 1692 e(5) and 15 USC 1692 e(10) by falsely indicating that the Defendant is entitled to collect this 30% in "other charges."

Amount of the Debt

18.  By adding $152.40 to the debt and failing to explain the basis for the charge, the least sophisticated consumer is left unsure if the amount of the alleged debt is increasing due to interest or periodic charges.  Exhibit A can be reasonably read to indicate that the debt is increasing.

19. Exhibit A can be read to indicate that interest is accruing on the debt.

20.  If interest is in fact accruing on the account, then the Defendant needed to expressly state that so that the least sophisticated consumer could determine how much was necessary to

3

pay the entire bill. Defendant was obligated to provide the "safe harbor" language provided by the Second Circuit in *Avila v. Riexinger & Assocs., LLC*, 817 F.3d 72 (2d Cir. N.Y. 2016).

21. If interest is not in fact accruing on the debt, then Exhibit A is deceptive in that it can be reasonably read to indicate that interest was in fact accruing.

22. Exhibit A violates 15 USC 1692g(a) in that it fails to properly disclose the amount of the alleged debt.

23. Exhibit  A also violates 15 USC 1692e, 15 USC 1692 e(2), 15 USC 1692 e(5) and 15 USC 1692 e(10) by falsely indicating the character, legal status, and amount of the alleged debt.

24. Collection letters, such as Exhibit A, are to be evaluated by the objective standard of the hypothetical "least sophisticated consumer." (*Russell v. Equifax A.R.S.*, 74, F. 3d. 30 (2d Cir. 1996).

25. Exhibit A is a form letter.

26. Upon information and belief, Defendants sent form letters containing language substantially similar or materially identical to that contained in Exhibit A to hundreds of consumers in United States.

### *Class Action Allegations*

27. Under Federal Rule of Civil Procedure 23, a class action is appropriate and preferable in this case because:

    a.    Based on the fact that the collection letters at the heart of this litigation are mass-mailed form letters, the classes are so numerous that joinder of all members is impractical.

    b.    There are questions of law and fact common to the class that predominate over any questions affecting only individual class

members.  These common questions include whether Exhibit A violates the FDCPA.

c.    The claims of Plaintiff are typical of the class members' claims. All are based on the same facts and legal theories.  The only individual issue is the identification of the consumers who received the letter, (*i.e.*, the class members), which is a matter capable of ministerial determination from the Defendants' records.

d.    Plaintiff will fairly and adequately represent the class members' interests.  All claims are based on the same facts and legal theories and Plaintiff's interests are consistent with the interests of the class.

e.    Plaintiff has retained counsel experienced in bringing class actions and collection abuse claims.

28. A class action is superior for the fair and efficient adjudication of the class members' claims.

29. Congress specifically envisions class actions as a principal means of enforcing the FDCPA. *See* 15 U.S.C. § 1692k.

30. The class members are generally unsophisticated individuals unaware of the protections afforded them by the FDCPA, which rights will not be vindicated in the absence of a class action.

31.  Prosecution of separate actions by individual members of the classes would create the risk of inconsistent or varying adjudications resulting in the establishment of inconsistent or varying standards for the parties and would not be in the interest of judicial economy.

32.  If the facts are discovered to be appropriate, Plaintiff will seek to certify a class under Rule 23(b)(3) of the Federal Rules of Civil Procedure.

33.  This Count is brought by Plaintiff, individually, and on behalf of a class consisting of all persons who, according to Defendant's records: (a) have mailing addresses within the United States; and (b) within one year before the filing of this action; (c) were sent a collection

5

letter in a form materially identical or substantially similar to the letter sent to Plaintiff, attached as Exhibit A; (d) which was not returned by the postal service as undelivered.

34. Collection letters, such as those sent by Defendant, are to be evaluated by the objective standard of the hypothetical "least sophisticated consumer."

## Count I

## Violations of the Fair Debt Collection Practices Act

35. Plaintiff restates, realleges, and incorporates herein by reference all foregoing paragraphs as if set forth fully in this Count.

36. By sending Exhibit A, Defendant violated numerous provisions of the FDCPA, including 15 U.S.C. §§1692 e, e(2), e(5), e(10), f,  f(1), and g(a).

37. As a result of Defendant's deceptive and unfair debt collection practices, Defendants are liable to Plaintiff and the class

    WHEREFORE, Plaintiff asks that this Court enter judgment in his favor and in favor of the members of the Class, against Defendant, awarding damages as follows:


    (A)     Statutory damages as provided by § 1692k of the FDCPA;

    (B)     Actual damages as provided by § 1692k of the FDCPA;

    (C)     Attorneys' fees, litigation expenses and costs incurred in bringing this action;

    (C)     Declaratory relief declaring that Exhibit A violates the FDCPA; and

    (D)     Any other relief this Court deems appropriate and just.

## Jury Demand

Plaintiff demands trial by jury.

Dated:  West Islip, New York
        March 16, 2018

                                        RESPECTFULLY SUBMITTED,

                                        /S/Joseph Mauro
                                        Joseph Mauro, Esq.
                                        The Law Office of Joseph Mauro, LLC
                                        306 McCall Ave.
                                        West Islip, NY 11795
                                        (631) 669-0921

# EXHIBIT A

PO Box 9100
Farmingdale  NY  11735-9100
CHANGE SERVICE REQUESTED

**Sunrise Credit Services, Inc.**
P.O. Box 9100
Farmingdale, NY 11735-9100
855-620-4620 ● Fax: 631-501-8534

Hours: Mon. – Thurs. 8 AM – 11 PM EST
Fri. 8 AM – 9 PM EST  ●  Sat. 8 AM – 4 PM EST

**ACA**
INTERNATIONAL
The Association of Credit
and Collection Professionals
Member

April 17, 2017

COLLEEN MCNAMEE
49 Edgewater Dr
Mastic Beach NY 11951-2101

<u>Account Information</u>
Creditor: Teachers Federal Credit Union
Creditor Account #:  338705L66
SCS Account #:  28312736

| | |
|---|---|
| Account Balance: | $508.01 |
| Other Charges: | $152.40 |
| Balance Due: | $660.41 |

**Use Your 'Tax Refund' to Clear Up This Debt**
**Call Us. We're Happy to Help**

Dear COLLEEN MCNAMEE:

**WHEN YOU RECEIVE A COLLECTION NOTICE . . .**

1. **Don't get angry** . . . Your account came to us from someone who values your business.

2. **Communicate with us** . . . It will be helpful to you if you get actively involved.

3. **Let us help** . . . Our people are experienced in collections and are able to assist you if you let them.

We have included a return envelope for your convenience. For other convenient payment options, visit us on the internet at **www.sunrisecreditservices.com** or use our automated phone payment system at 877-447-4001, 24 hours a day, 7 days a week.

Experience has proven that collection efforts are necessary when a debtor does not respond. Therefore, your attention is important and may avoid further collection efforts.

The toll-free number for your account representative is 855-620-4620.

Sunrise Credit Services, Inc.
STEVEN ALEXANDER

NEW YORK CITY DEPT OF CONSUMER AFFAIRS LICENSE # 0902582.

**THIS IS AN ATTEMPT TO COLLECT A DEBT.**
**ANY INFORMATION OBTAINED WILL BE USED FOR THAT PURPOSE.**
**THIS COMMUNICATION IS FROM A DEBT COLLECTOR.**

403088530    **PLEASE REFER TO REVERSE SIDE FOR IMPORTANT INFORMATION**

R1     PLEASE DETACH AND RETURN BOTTOM PORTION WITH PAYMENT. KEEP TOP PORTION FOR YOUR RECORDS.   


Creditor: Teachers Federal Credit Union
Creditor Account #:  338705L66
SCS Account #:  28312736

| | |
|---|---|
| Account Balance: | $508.01 |
| Other Charges: | $152.40 |
| Balance Due: | $660.41 |

COLLEEN MCNAMEE
49 EDGEWATER DR
MASTIC BEACH NY 11951-2101

SUNRISE CREDIT SERVICES, INC.
PO BOX 9100
FARMINGDALE  NY  11735-9100


R1

**Let our representatives help you pay your bill.**
UNLESS YOU NOTIFY THIS OFFICE WITHIN 30 DAYS AFTER RECEIVING THIS NOTICE THAT YOU DISPUTE THE VALIDITY OF THIS DEBT OR ANY PORTION THEREOF, THIS OFFICE WILL ASSUME THIS DEBT IS VALID. IF YOU NOTIFY THIS OFFICE IN WRITING WITHIN 30 DAYS FROM RECEIVING THIS NOTICE, THAT YOU DISPUTE THE VALIDITY OF THE DEBT, OR ANY PORTION THEREOF, THIS OFFICE WILL OBTAIN VERIFICATION OF THE DEBT OR OBTAIN A COPY OF A JUDGMENT AND MAIL YOU A COPY OF SUCH JUDGMENT OR VERIFICATION. IF YOU REQUEST THIS OFFICE IN WRITING WITHIN 30 DAYS AFTER RECEIVING THIS NOTICE, THIS OFFICE WILL PROVIDE YOU WITH THE NAME AND ADDRESS OF THE ORIGINAL CREDITOR, IF DIFFERENT FROM THE CURRENT CREDITOR.

Here are some quick and easy ways.

- **AUTO PAY**
  Use our automated phone payment system at 877-447-4001, 24 hours a day, 7 days a week and pay with your check or credit card.

- **WESTERN UNION**
  Call 1-800-238-5772 for the nearest location. Go to your nearest **Western Union** location (check cashing store, supermarket or pharmacy) and identify yourself as a **"Quick Collect Customer."** Include the following information on the **"Quick Collect"** form:
  - Payable to:            Sunrise Credit Services
  - Code/Destination:      Sunrise, NY
  - Reference Number:      Your Account Number

  After paying the cashier, call our toll free number and give the representative your account number, amount paid, and money control number from the receipt the cashier gives to you. Within minutes, your account is paid.

- **MONEYGRAM**
  Call 1-800-926-9400. For the nearest locations, go to your nearest MoneyGram Agent (Travel Agencies, Currency Exchange)

  Complete the Blue Express Payment form, include our four digit receiver code **15885**.
  Company:              Sunrise Credit Services
  City/State:           Farmingdale, New York
  Account Number:       Your Account Number

  After paying the cashier, call our toll free number and give the representative your account number, amount paid and confirmation number from the receipt the cashier gives to you.

- **CREDIT CARD / DEBIT CARD**
  Most accounts can be paid by a major credit card.

- **ACH**
  Automated Clearing House: Pay by phone and have the funds withdrawn from your checking or savings account.

- **BANK WIRE**

  **\*\*Please make sure to reference your account number on any payment made.\*\***

**CALIFORNIA**
The state Rosenthal Fair Debt Collection Practices Act and the Federal Fair Debt Collection Practices Act require that, except under unusual circumstances, collectors may not contact you before 8 a.m. or after 9 p.m. They may not harass you by using threats of violence or arrest, or by using obscene language. Collectors may not use false or misleading statements, or call you at work if they know or have reason to know that you may not receive personal calls at work. For the most part, collectors may not tell another person, other than your attorney or spouse, about your debt. Collectors may contact another person to confirm your location or enforce a judgment. For more information about debt collection activities you may contact the Federal Trade Commission at 1-877-FTC-HELP or www.ftc.gov.

**COLORADO**
A consumer has the right to request in writing that a debt collector or collection agency cease further communication with the consumer. A written request to cease communication will not prohibit the debt collector or collection agency from taking any other action authorized by law to collect the debt.

Our resident office in Colorado is located at 700 17th Street, Suite 200, Denver, Colorado 80202...Mon – Fri  8am – 5pm. Telephone Number: 866-436-4766. This office will accept payments and correspondence

For information about the Colorado Fair Debt Collection Practices Act, see WWW.COAG.GOV/CAR

**MASSACHUSETTS**
*NOTICE OF IMPORTANT RIGHTS*
Our resident office in Massachusetts is located at (do not send correspondence or payments to this address) 49 Winter St. Weymouth, MA 02189. Mon. – Thur. 10am-3pm. You have the right to make a written or oral request that telephone calls regarding your debt not be made to you at your place of employment. Any such oral request will be valid for only ten (10) days unless you provide written confirmation of the request postmarked or delivered within seven (7) days of such request. You may terminate this request by writing to the debt collector.

**MINNESOTA**
This collection agency is licensed by the Minnesota Department of Commerce.

**NEW YORK**
If a creditor or debt collector receives a money judgment against you in court, state and federal laws may prevent the following types of income from being taken to pay the debt:

1)    Supplemental security income, (SSI);
2)    Social security;
3)    Public assistance (welfare);
4)    Spousal support, maintenance (alimony) or child support;
5)    Unemployment benefits;
6)    Disability benefits;
7)    Workers' compensation benefits;
8)    Public or private pensions;
9)    Veterans' benefits;
10)   Federal student loans, federal student grants, and federal work study funds; and
11)   Ninety percent of your wages or salary earned in the last sixty days.

**TENNESSEE**
This collection agency is licensed by the Collection Service Board of the Department of Commerce and Insurance.

**UTAH**
As required by Utah law, you are hereby notified that a negative credit report reflecting on your credit record may be submitted to a credit reporting agency if you fail to fulfill the terms of your credit obligations.